Filed 10/25/24  P. v. Rodriguez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAUL LOREDO RODRIGUEZ,<br><br>    Defendant and Appellant. | B337063<br><br>(Los Angeles County<br>Super. Ct. No. PA014564-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden Zacky, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying Raul Rodriguez's petition for recall of sentence brought under Penal Code[1] section 1170, subdivision (d)(1). We affirm.

## BACKGROUND

On November 21, 1994, Rodriguez pled guilty to second degree murder in violation of section 187, subdivision (a). The trial court sentenced him to 15 years to life in prison. On November 7, 2023, Rodriguez filed a petition for recall of sentence pursuant to section 1170, subdivision (d)(1) and *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*). He argued that his sentence of 15 years to life was the functional equivalent of a sentence without the possibility of parole and therefore he was eligible to have his sentence recalled.

On February 20, 2024, the trial court held a hearing on the section 1170 petition. It noted that Rodriguez had already had several parole hearings—March 4, 2003, May 11, 2006, April 6, 2010, and March 23, 2017—and another one was scheduled for March, 2027. The trial court denied the petition on the ground that the sentence of 15 years to life is not the functional equivalent of a sentence of life without the possibility of parole. The court also denied Rodriguez's previous request that the court consider a recall of sentence under section 1172.1 (Assembly Bill No. 600 (2023–2024 Reg. Sess.)). Rodriguez filed a timely notice of appeal.

The facts of the crime are not relevant to the petition, but we recite them to provide context only. On March 21, 1993, Rodriguez, a juvenile, shot and killed Jose Salavia while

---

[1] Undesignated statutory references are to the Penal Code.

Rodriguez and his uncle were driving Salavia to a bus station so Salavia could travel to Mexico.

On July 5, 2024, we appointed counsel to represent Rodriguez on appeal. On July 9, 2024, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel also asked us to conduct an independent review of the record. Counsel advised us they had told appellant he may file his own supplemental brief within 30 days. Counsel sent Rodriguez transcripts of the record on appeal as well as a copy of the brief.

On July 10, 2024, this court sent Rodriguez notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On September 23, 2024, Rodriguez filed a supplemental brief, in which argues 1) the trial court abused its discretion when it failed to consider youth-related mitigating factors in ruling on his section 1170 petition; 2) his incarceration is constitutionally excessive in light of his hallmark features of youth and *In re Palmer* (2021) 10 Cal.5th 959; 3) the trial court abused its discretion when it failed to find the parole board's continual finding of unsuitability had, in fact, transformed his sentence of 15 years to life with the possibility of parole into a de facto sentence of life without the possibility of parole; 4) his trial counsel was ineffective when it failed to raise his state and federal cruel and unusual punishment claim; 5) the trial court improperly denied his petition for resentencing under section 1172.6 when it failed to consider that due to his hallmark features of youth, he lacked the reckless indifference to human

life state of mind required under sections 188 and 189; 6) the record of conviction does not conclusively establish he is ineligible for resentencing under section 1172.6 at the prima facie stage for either voluntary manslaughter or second degree murder.

## DISCUSSION

First, the record does not include a written or oral motion for resentencing relief under section 1172.6. Although there is a minute order dated February 20, 2024, stating, "The Defendant's oral motion for Resentencing pursuant to Penal Code section 1172.6 is argued and denied," the transcript of the hearing does not reflect that Rodriguez made, or the court considered, any oral motion or written petition pursuant to that section. The clerk's transcript includes no such motion. Neither does counsel recite or refer to such a motion or request in the no-issue brief. Whether the recitals in the clerk's minutes should prevail as against contrary statements in the reporter's transcript must depend upon the circumstances of each case. Where a conflict cannot be harmonized, that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence. (*People v. Smith* (1983) 33 Cal.3d 596, 599.) Here we find the reporter's transcript is entitled to greater credence as a verbatim record of the trial court's rulings, as opposed to the clerks' rendition of what they thought had happened at the hearing. Therefore, on appeal we do not consider Rodriguez's eligibility for relief under section 1172.6.

Next, Rodriguez asks us to interpret section 1170, subdivision (d)(1). We consider issues of statutory interpretation de novo. (*Heard*, *supra*, 83 Cal.App.5th at p. 622.) Section 1170, subdivision (d)(1) permits an inmate who was under the age of 18 at the time of the crime and was sentenced to life without parole

(LWOP) to petition for recall of sentence after 15 years of incarceration. (§ 1170, subd. (d)(1)(A).) In *Heard*, the Court of Appeal held that this statutory right extends to those sentenced to the functional equivalent of LWOP. (*Heard*, at pp. 633–634.) "Functional equivalent of LWOP" means "the release date is near or beyond the juvenile's life expectancy." (*People v. Carter* (2018) 26 Cal.App.5th 985, 995.) The California Supreme Court has held a 50-year sentence is a de facto, or functionally equivalent, sentence of life without parole. (*People v. Contreras* (2018) 4 Cal.5th 349, 368–370.) There, the Court declined to set a minimum number of years that qualify as a de facto LWOP and instead followed the reasoning of *Graham v. Florida* (2010) 560 U.S. 48, 74–79, to wit, that a lawful sentence must offer hope of restoration, a chance to demonstrate maturity and reform, a chance for fulfillment outside of prison walls and a chance for reconciliation with society. (*Contreras,* at p. 367.)

On this record, which includes Rodriguez's numerous certificates and commendations for betterment, completion of classes and rehabilitation programs, and service to the prison population, we conclude his 15-year-to-life sentence with four prior parole hearings and another hearing already set for 2027 has offered him a chance for reconciliation with society, a chance to demonstrate maturity and reform, hope of restoration, and a chance for fulfillment outside of prison walls. It is therefore not the equivalent of life without parole. That he will be in his early 50's at his next parole hearing does not change the calculus.

Rodriguez cites *In re Palmer* in support of his argument that the Board of Parole Hearings's continued denial of parole has transformed his incarceration into LWOP. *Palmer* held that habeas corpus relief is available to inmates whose continued

incarceration has become constitutionally excessive due to parole unsuitability findings by the Board of Parole Hearings. (*In re Palmer, supra,* 10 Cal.5th at p. 966.)

Rodriguez argues that unless an inmate has a perfect record, he will not be considered suitable for parole and that policy has rendered his sentence an LWOP term. In the trial court he submitted no evidence as to the reasons the members of the Board of Parole Hearings found him unsuitable. On appeal, he has included transcripts of his March 23, 2016 parole hearing where the Board considered him a danger to society due to his record of recent regulatory violations and discipline in prison. We do not accept Rodriguez's unsubstantiated leap of logic that the Board's finding of unsuitability for parole is due to its policy of only granting parole to those with perfect records. (*In re Lawrence* (2008) 44 Cal.4th 1181, 1227 [if inmate remains a danger the Boad of Parole Hearings can and must decline to set a parole date].) The Board's finding in his case, without more, does not transform his sentence into LWOP. In this regard we reject his reliance on *Palmer*.

Rodriguez also argues his trial counsel was ineffective for failing to argue that his continued incarceration was cruel and unusual punishment. There is no constitutional right to the effective assistance of counsel in state postconviction proceedings. (*Delgadillo, supra*, 14 Cal.5th at p. 226.)

We decline to exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying the section 1170 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


WILEY, J.


VIRAMONTES, J.